UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| OLIVIA CARR, | ) 1:19-CR-00171-LEW-14 |
| | ) |
| Defendant | ) |

**ORDER ON DEFENDANT OLIVIA CARR'S MOTION TO DISMISS INDICTMENT AND MOTION TO DISMISS FORFEITURE ALLEGATION**

Defendant Olivia Carr contends the Indictment impermissibly groups two classes of defendants under the same drug distribution conspiracy count, despite asserting different drug quantity *elements* for each group, and she argues that this approach to drafting an indictment is unlawful because the resulting charge is an amalgamation of separate offenses, duplicitous, and vague. In the event the Indictment is not dismissed, Carr advances alternative arguments for dismissal of a forfeiture claim. Defendant Carr's Motion to Dismiss Indictment (ECF No. 354); Defendant Carr's Motion to Dismiss Forfeiture Allegation (ECF No. 355).

**The Indictment**

The Grand Jury indicted Defendant Olivia Carr and sixteen other defendants for alleged participation in a conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846,

841(a)(1), and 841(b)(1)(A)(viii).  Indictment Count I.[1]  The Indictment relates that the conspiracy charge concerns activity between July 1, 2018, and May 19, 2019.  Under a separate subheading in Count I, the Indictment particularizes drug quantities, asserting that seven of the alleged conspirators, not including Carr, are complicit in a conspiracy (based on their conduct and foreseeable conduct of other conspirators) extending to the entire drug quantity stated in Count I, thereby, implicating the penalties provision found in § 841(b)(1)(A)(viii) (specifying a ten-year minimum and "life" maximum).  The Indictment then states "[w]ith regard to the remaining defendants[,]" that they are complicit in a conspiracy (based on their conduct and foreseeable conduct of other conspirators) that, as to drug quantity, evidently may or may not reach so far, but in any event reaches far enough to implicate the sentencing provision in § 841(b)(1)(C) (specifying a twenty-year maximum).

Olivia Carr moves to dismiss the Indictment.  Carr contends the Grand Jury did not charge her with any actual offense, but rather charged an amalgamation of distinct offenses; that the Grand Jury returned a duplicitous Indictment; and that the Indictment is impermissibly vague.  The Government says Carr's arguments are misguided, that the Indictment clearly informs Carr that she is to be prosecuted for the distinct offense of joining a methamphetamine distribution conspiracy within a particular timeframe, and that Carr should appreciate that the drug quantity language of the Indictment has limited her maximum sentence to 20 years and spared her the hazard of a mandatory minimum.

---

[1] Carr is not named in the second count charging money laundering.

Rule 7(c)(1) states that the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Moreover, "[f]or each count, the indictment … must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.* An indictment "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). While an indictment may "parrot" the language of the criminal provision at issue, "it must also be accompanied by such a statement of facts and circumstances as to inform the accused of the specific offense with which he is charged.'" *United States v. Parigian*, 824 F.3d 5, 9 (1st Cir. 2016) (quoting *United States v. Savarese*, 686 F.3d 1, 6 (1st Cir. 2012)). *See also United States v. Vega-Martinez*, 949 F.3d 43, 49 (1st Cir. 2020).

Here, the Indictment is sufficiently particularized as to Carr because it informs her that she is charged for alleged participation in a drug distribution conspiracy during a particular timeframe, involving particular co-defendants, in the District of Maine. Carr knows the charge against which she must defend, and she knows the penalty provisions the Government seeks to impose in the event of her conviction. There can be no doubt, furthermore, that an acquittal or conviction on the charge would enable Carr to plead in bar of any future prosecutions for the same offense.

Nonetheless, the Indictment may have a fatal flaw, as to Carr, because it demonstrates the Grand Jury did not have probable cause to believe that Carr should be

3

punished based on the aggravated drug quantity recited in Count I (the 50/500 grams specified in the charge). Recent binding precedent has made it plain that "each of the subsections of 21 U.S.C. § 841(b)(1), with its associated drug quantities and sentencing ranges, is a separate crime." *United States v. Pizarro*, 772 F.3d 284, 292 (1st Cir. 2014) (citing *Burrage v. United States*, 571 U.S. 204, 210 n.3 (2014); *Alleyne v. United States*, 570 U.S. 99 (2013); *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). *See also United States v. Soto*, No. 2:17-CR-00157-JAW, 2019 WL 1782120, at *6 (D. Me. Apr. 23, 2019). Carr builds her attack against the Indictment on these cases, and reasons that there is no good reason why they should not apply fully in the context of a drug distribution conspiracy charge.

When the Government institutes a criminal prosecution by means of a grand jury indictment, the grand jury performs a critical fact-finding function to ensure a prosecution for a given crime is supported by probable cause. *Kaley v. United States*, 571 U.S. 320, 328-29 (2014) ("The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime."); *United States v. DeVincent*, 632 F.2d 147, 155 (1st Cir. 1980) ("A grand jury is not charged with a final adjudication of guilt or innocence; '[r]ather, it is an ex parte investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person.'" (quoting *United States v. Calandra*, 414 U.S. 338, 343-44 (1974)).

> [A]n indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause …. *Ex parte United States*, 287 U.S. 241, 250 (1932). *See also Giordenello v. United States*, 357 U.S. 480, 487 (1958). The willingness to let a grand jury's

>judgment substitute for that of a neutral and detached magistrate is attributable to the grand jury's relationship to the courts and its historical role of protecting individuals from unjust prosecution.

*Gerstein v. Pugh*, 420 U.S. 103, 118 n.19 (1975).

The Court of Appeals for the Eleventh Circuit has succinctly summarized that these standards are designed to meet "the Fifth Amendment's assurance that a grand jury will return an indictment only when it finds probable cause for all elements of the crime." *United States v. Wayerski*, 624 F.3d 1342, 1349 (11th Cir. 2010). Similarly, the Sixth Circuit observes that a "penalty enhancement [that] increases the statutory maximum penalty, … must be charged in the indictment." *United States v. Jeffries*, No. 18-4081, 2020 WL 2299626 (6th Cir. May 8, 2020) (citing *Alleyne v. United States*, 570 U.S. 99, 107-108 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). These authorities and the precedent they rely on demonstrate that the grand jury's role includes the assessment of the Government's evidence to determine whether it demonstrates the existence of probable cause to believe a defendant has committed a crime subject to a given punishment, and to issue an indictment charging only the crime and punishment supported by its probable cause findings, if any. [2]

Evidently uncertain of the need to charge aggravated drug quantity facts in a conspiracy indictment, the Government has crafted an indictment that informs all defendants of the potential penalty that Congress affixed to their aggravated, overarching

---

[2] *See Alleyne*, 570 U.S. at 109-10 ("From … widely recognized principles follow[s] a well-established practice of including in the indictment, and submitting to the jury, every fact that [is] a basis for imposing or increasing punishment."), 112 (noting the accused's right "to know, ex ante, the contours of the penalty the legislature affixed to the crime"); *Apprendi*, 530 U.S. at 478 ("The defendant's ability to predict with certainty the judgment from the face of the felony indictment flowed from the invariable linkage of punishment with crime.").

criminal conspiracy. But the Grand Jury also took care to specify that the Government's showing did not demonstrate probable cause as to Carr (and some others) for the aggravated drug quantity. Carr contends this renders the Indictment not merely dissonant, but defective.[3]

If the rationale of *Alleyne*, *Apprendi*, and *Pizarro* extends to conspiracy charges, then Carr is onto something. But on this point the Government has a decisive argument. The Government observes that it charged a conspiracy, and that by doing so it made any concern about the Grand Jury's lack of an aggravated drug quantity finding as to Carr immaterial to the validity of the Indictment. Opposition at 10.

In *United States v. Delgado-Marrero*, 744 F.3d 167 (1st Cir. 2014), the First Circuit vacated a drug distribution conspiracy sentence because the trial record did not demonstrate that the jury made drug quantity findings beyond a reasonable doubt. *Id.* at 188-90. However, the First Circuit declined to vacate the underlying conviction based on a line of precedent holding that drug quantity is not a formal element of the "core offense" of conspiracy. *Id.* at 190-91. While it may strike some as inconsistent to say that drug quantity is an "element" for purposes of the petit jury's deliberation, but not for purposes of its conviction on a conspiracy "core offense," based on *Alleyne* and *Apprendi* and the need (albeit stated in dicta) to <u>indict</u> on elements essential to the penalty, *see* footnote 2 *supra*, *Delgado-Marrero* is binding on this Court. I am not at liberty to disregard a clear

---

[3] To summarize the problem: In Count I, the Grand Jury alleges that Carr was part of a conspiracy to distribute the 50 / 500 grams described in Count I, an express reference to a quantity of controlled substances that gives rise to a mandatory minimum and lifetime maximum sentence. But under the same Count, the Grand Jury conceded it did not have probable cause to believe Carr committed the aggravated crime. The Grand Jury's concession is reflected in its statement, as to Carr, that the available drug quantity showing only exposes Carr to the penalty provision of 21 U.S.C. § 841(b)(1)(C). Indictment (ECF No. 3).

pronouncement by the First Circuit that drug quantities are not elements required for conviction on a distribution conspiracy charge. Based on *Delgado-Marrero*, Carr is charged in this case through an indictment that contains the elements of the "core offense" of conspiracy to distribute and fairly informs her of the charge against which she must defend. Without question, she will be able to plead an acquittal or conviction in bar of future prosecutions for the same offense. That means the drug quantity statements in the Indictment do not give rise to a fatal defect in the Indictment, and that Carr's interests can be safeguarded in this Court during the proceedings, including through any instructions I may deliver to the petit jury.

Carr's remaining arguments are more readily dismissed. Count 1 is not duplicitous because it charges only one conspiracy under 21 U.S.C. § 846 and Carr is adequately informed as to the charge for which she will prepare her defense. Nor does the Indictment profess her innocent of a charge of conspiring to distribute controlled substances, even to the extent of aggravated drug quantities; it, at most, flags the Grand Jury's failure to make a probable cause finding, as to Carr, concerning the aggravated drug quantity. This does not exonerate Carr, if the Indictment's statements about drug quantities are not elements of the "core offense" of conspiracy to distribute, per *Delgado-Marraro*. Nor is the Indictment insufficiently specific for reasons already outlined.

## Forfeiture Allegations

Separately, Carr challenges the Indictment's forfeiture allegations, arguing she cannot be subject to forfeiture because the Indictment does not identify any property in which she has a possessory interest that is potentially subject to forfeiture. The

7

Government observes that Carr's challenge relies on decisional law pertaining to an earlier version of the Federal Rules of Criminal Procedure, and that the forfeiture allegations comply with current Rules and standards.

The Government's assessment is correct. *See United States v. Galestro*, No. 06-CR-285, 2008 WL 2783360, at *10 (E.D.N.Y. July 15, 2008) (discussing Advisory Committee Notes to the 2000 enactment of Rule 32.2, and noting the Committee's adoption of the approach stated in *United States v. DeFries*, 129 F.3d 1293, 1315 n.17 (D.C. Cir. 1998) (collecting cases)).

> As courts have held, subdivision (a) is not intended to require that an itemized list of the property to be forfeited appear in the indictment or information itself. The subdivision reflects the trend in caselaw interpreting present Rule 7(c). Under the most recent cases, Rule 7(c) sets forth a requirement that the government give the defendant notice that it will be seeking forfeiture in accordance with the applicable statute. It does not require a substantive allegation in which the property subject to forfeiture, or the defendant's interest in the property, must be described in detail.

Fed. R. Crim. P. 32.2(a) advisory committee note (2000).

## CONCLUSION

Defendant Carr's Motion to Dismiss Indictment (ECF No. 354) is **DENIED**. Defendant Carr's Motion to Dismiss Forfeiture Allegation (ECF No. 355) is **DENIED**.

**Dated this 13th day of July, 2020.**

                                                  /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE